608 F.Supp. 599 (1985)
Jessie WILLIAMS, Elsie Ruth Hence and Lofty Wright, individually and on Behalf of all other similarly situated, Plaintiffs,
v.
The ADAMS COUNTY BOARD OF ELECTION COMMISSIONERS; T. Waring Bennett, Bruce Lewis, Mrs. J.R. Willard, Mrs. Katye M. Dukes and Mrs. Mable McMillan, in their capacities as members of the Adams County Board of Election Commissioners, Defendants.
Civ. A. No. W83-0184(B).
United States District Court, S.D. Mississippi, Jackson Division.
May 14, 1985.
Jere Krakoff, Nausead Stewart, Jackson, Miss., and William L. Robinson, Lawyers' Committee for Civil Rights Under Law, Washington, D.C., for plaintiffs.
Lucien C. Gwin, Natchez, Miss., for Adams Co. Bd. of Election Com'rs.
Robert E. Sanders, Sp. Asst. Atty. Gen., Jackson, Miss., for defendants.

ORDER
BARBOUR, District Judge.
This action is before this Court on the Motion of the Plaintiffs pursuant to Rule 52(b) of the Federal Rules of Civil Procedure requesting this Court to amend the previous Judgment entered on March 14, 1985, which Judgment was consistent with a Memorandum Opinion entered on that same date. The basis of this Court's Judgment was that the Plaintiffs who are low income voters of Adams County were determined to have no standing to challenge the freeholder requirements contained in the Constitution of the State of Mississippi and the statute enacted pursuant *600 to that provision of the State Constitution.[1]
This Court has reviewed the cases cited by the Plaintiffs and determined that the decision made with respect to the standing of the Plaintiffs was incorrect. It is clear from the cases controlling this decision that the voters themselves have a palpable injury which may form the basis for challenging a restriction on the eligibility of candidates. O'Hair v. White, 675 F.2d 680 (5th Cir.1982). Accordingly, this Court will grant the Motion of the Plaintiffs and vacate the last paragraph of the previous Memorandum Opinion in so far as it states that the Plaintiffs have no standing to attack the freeholder requirement. In all other respects the previous Memorandum Opinion of this Court stands and is the basis for this Opinion which reaches the merits of the issue presented by the cross-motions for summary judgment and stipulation of the parties.
The United States Supreme Court has directly addressed the constitutionality of requiring one who seeks public office to be a freeholder. In Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970) the Court addressed a Georgia statute limiting the membership of the school board to freeholders. After a summary discussion the court determined that even judged against the traditional test for denial of equal protection, such "classification rests on grounds wholly irrelevant to the achievement of a valid state objective." Id. at 362, 90 S.Ct. at 541. School board membership was not an elective office under the Georgia scheme. This distinction does not in any way limit the scope of the ruling of that court. In Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972) the United States Supreme Court struck a Texas statute assessing fees against candidates in primary elections. The purpose of the statute assessing such fees was to distribute the costs of the elections among the candidates themselves instead of the cost falling upon the political subdivision. The court struck this statute as violative of the equal protection clause stating that "the State of Texas has erected a system that utilizes the criterion of ability to pay as a condition to being on the ballot, thus excluding some candidates otherwise qualified and denying an undetermined number of voters the opportunity to vote for candidates of their choice." Id. at 149, 92 S.Ct. at 859.
The requirement that one be a freeholder in order to be a candidate for membership on a county board of supervisors is argued by the state in its briefs on much the same basis urged by Georgia in Turner v. Fouche, 396 U.S. at 361-64, 90 S.Ct. at 540-42. This contention was summarily dealt with by the United States Supreme Court.
The objectives of Mississippi in maintaining the integrity of county government and insuring that competent individuals having personal interests in the welfare of the community are elected to the boards of supervisors of the counties in this state are valid objectives. The Constitution of the United States does not prohibit the state from enacting laws to further these goals. The decision of the Supreme Court of the State of Mississippi in McHenry v. State, 119 Miss. 289, 80 So. 763 (1919) interprets the freeholder requirement as having the object of elevating the office of supervisor and placing "the commission in the hands of a frugal and intelligent person, identified with the best interest of his district." Id., 80 So. at 765.
However, the adoption of the freeholder requirement to assure the quality of those *601 elected as members of the boards of supervisors created an arbitrary classification based on economic factors. Under the analysis of the United States Supreme Court in Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 this is impermissible. Accordingly, it is the determination of this Court that Article 6, Section 176 of the Constitution of the State of Mississippi and Miss.Code Ann. § 19-3-3 (1972) are unconstitutional, being in violation of the equal protection clause of the Constitution of the United States.
Consistent with the above it is the decision of this Court that the Motion of the Plaintiffs to amend the judgment of this Court pursuant to Rule 52(b) of the Federal Rules of Civil Procedure is well taken and should be and hereby is granted.
The parties are directed to confer and agree if possible on an appropriate award of attorney's fees. If no agreement is reached within thirty days the Plaintiffs are directed to file a motion with the appropriate supporting affidavits for attorney's fees or their rights, if any, to attorney's fees will be deemed to have been waived. If the filing of a formal motion is necessary because of the lack of agreement between the parties, the Defendant is directed to respond to the Plaintiff's motion and supporting affidavits within ten days of the date of its filing, stating with specificity the objections to the award of attorney's fees. The Plaintiff may make a reply within five days of the Defendant's response. A judgment consistent with Rule 58 of the Federal Rules of Civil Procedure will be entered declaring the unconstitutionality of the provision of the Mississippi State Constitution and the statute enacted pursuant to it.
NOTES
[1] Article 6, Section 176 of the Constitution of the State of Mississippi provides as follows:

No person shall be a member of a board of supervisors who is not a resident freeholder in the district for which he is chosen. The value of real estate to be owned to qualify persons in the several counties to be members of said board shall be fixed by law.
Miss. Const. art. 6, § 176.
The statute enacted pursuant to this provision of the Mississippi Constitution provides as follows:
A person shall not be a member of the board of supervisors who is not a resident freeholder in the district for which he is chosen, and the owner of real estate of the value of $1,500.00.
Miss.Code Ann. § 19-3-3 (1972).